UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL MAGADAN,<br><br>                    Petitioner,<br><br>     v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                    Respondent. | NO.  C13-1020-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

### I.      INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Miguel Magaden is currently being detained by Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington, pending completion of removal proceedings. On June 20, 2013, he filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his continued detention and seeking either supervised release or a bond hearing. Dkt. 3 at 2. Respondent has moved to dismiss the petition, arguing that petitioner is lawfully detained under 8 U.S.C. § 1226(a) pending a decision on whether he is to be removed from the United States. Dkt. 8.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION- 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without being admitted or paroled by an Immigration Officer. Dkt. 9, Exh. A. On February 21, 2012, he was taken into immigration custody and detained without bond. Dkt. 9, Exh. B. Petitioner was served with a Notice to Appear, charging him with removability under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Dkt. 9, Exh. C.

On April 23, 2012, an Immigration Judge held a bond hearing and ordered that petitioner remain detained without bond. Dkt. 9, Exh. D. Petitioner reserved his right to appeal but did not file an appeal with the Board of Immigration Appeals ("BIA"). Dkt. 9, Exhs. D and G. On August 20, 2012, petitioner requested a second redetermination of his custody status before an Immigration Judge. Dkt. 9, Exh. E. On April 8, 2013, the Immigration Judge denied petitioner's motion for bond redetermination, stating as follows:

> DHS encountered Respondent via a referral from Multnomah County, Oregon Detention Center based on charges for fourth degree assault/domestic violence and harassment. Respondent submitted evidence in support of his original application for bond including but not limited to: W-2 earnings statements, tax information, support letter, and birth certificates of his children[.] DHS introduced a Record of Deportable Alien/Form I-213 detailing the Respondent's criminal and immigration history. DHS also submitted a copy of the most recent police report for the assault/domestic violence and harassment charges.
>
> The court found the Respondent represented a danger to the community based on the nature and severity of his criminal history. Respondent's other arrests include: prostitution in 2001 and 2008, fourth degree assault in 2001, and the current pending assault and harassment charges. Respondent may have available for[ms of] relief from removal. However, the motion for bond re-determination failed to include evidence that he [ ] no longer represents a danger to the community. As a result, Respondent failed to establish a material change in circumstances. 8 C.F.R. § 1003.19(e).

Dkt. 9, Exh. G at 3 (internal citations omitted).

REPORT AND RECOMMENDATION- 2

1   Petitioner appealed the Immigration Judge's bond decision to BIA.  Dkt. 9, Exh. H.  On
2   July 2, 2013, the BIA dismissed the appeal, agreeing with the Immigration Judge's decision
3   that petitioner had failed to establish a material change in circumstances from the previous
4   bond hearing.  Dkt. 9, Exh. J.

5   On June 20, 2013, petitioner filed the instant habeas petition, challenging the
6   lawfulness of his continued detention.  Dkt. 3.  On July 25, 2013, respondent filed a motion to
7   dismiss.  Dkt. 8.  Petitioner did not file a reply.

### III.   DISCUSSION

#### A.   Jurisdiction

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the petition under § 2241 because petitioner was detained within its jurisdiction at the time he filed his petition, and he asserts that his detention is unlawful.

#### B.   Pre-Removal Period Detention

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings.  That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See id.*  Section 1226(a) provides, in part, as follows:

REPORT AND RECOMMENDATION- 3

(a) Arrest, detention, and release

On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –

(1) may continue to detain the arrested alien; and
(2) may release the alien on –
    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
    (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into immigration custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8), 236.1(d).  After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. *See* 8 C.F.R. § 236.1(d).  The alien may also appeal the Immigration Judge's bond determination to the BIA. *See* 8 C.F.R. § 236.1(d)(3).  Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing under § 1226(a), the burden is on the detainee to show to the satisfaction of the Immigration Judge that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).  In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  An Immigration Judge may also consider any number of discretionary factors, including:

(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United

REPORT AND RECOMMENDATION- 4

> States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In this case, the record shows that petitioner was afforded a bond redetermination hearing before an Immigration Judge and was provided the opportunity to submit evidence in support of his release. In determining whether petitioner was entitled to bond, the Immigration Judge properly considered the factors set forth in *Matter of Guerra*, including the nature and severity of his criminal history, such as prostitution arrests, an assault arrest in 2001, and pending assault and harassment charges. Dkt. 9, Exhs. D and G. Additionally, petitioner exercised his right to appeal the Immigration Judge's decision to the BIA, which affirmed the Immigration Judge's determination. Dkt. 9, Exh. J. Accordingly, the Court finds no procedural deficiencies in the bond proceedings.

It is well established that the Court lacks habeas jurisdiction to review the Attorney General's discretionary authority under 8 U.S.C. § 1226(e). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e)."). That provision provides, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1236(e). Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, *Gutierrez-*

REPORT AND RECOMMENDATION- 5

*Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002), petitioner fails to articulate any constitutional or statutory claim.  Accordingly, the Court agrees with respondent that this action should be dismissed because petitioner has received all of the benefits of due process to which he is entitled.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 11th day of September, 2013.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6